UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HANA DURASEVIC, ET AL.,

    Plaintiffs,

v.

GRANGE INSURANCE COMPANY OF MICHIGAN,

    Defendant.

_____/

Case No. 17-cv-12075

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [#36]

### I. INTRODUCTION

Before the Court is Plaintiffs' Hana and Doka Durasevic's Motion for Reconsideration. Dkt. No. 36. On May 15, 2017, Plaintiffs filed a complaint in the Macomb County Circuit Court. Dkt. No. 1-4. Plaintiffs sought coverage from Defendant, Grange Insurance Company of Michigan, for fire damage that occurred to their home on April 29, 2016. On June 26, 2017, Defendant removed the action to this Court. Dkt. No. 1. Plaintiffs then filed a motion for partial summary judgment on April 26, 2018. Dkt. No. 24. Defendant filed a motion for summary judgment on April 26, 2018. Dkt. No. 25. On July 9, 2018, this Court granted summary judgment in favor of Defendants, finding that Plaintiffs did not

1

substantially comply with the provisions of their insurance contract. Dkt. No. 34. Plaintiffs filed the present Motion for Reconsideration on July 23, 2018. For the reasons discussed below, this Court will deny Plaintiffs' Motion.

## II. LEGAL STANDARD

Under this Court's Local Rules, the Court may not grant a motion for reconsideration that merely presents the same issues upon which the Court has already ruled. E.D. Mich. LR 7.1(h)(3) (E.D. Mich. July 1, 2013). Additionally, the movant must demonstrate that there is a palpable defect in the opinion or order under attack and that correcting the defect will result in a different disposition of the case. *Id.*; *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)). Further, a motion for reconsideration is not a proper vehicle to advance positions that a party could have argued earlier but did not. *Smith v. Mount Pleasant Schs.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

### III. DISCUSSION

Plaintiffs' Motion presents four arguments that it could have advanced earlier or that this Court previously considered in the Plaintiffs' motion for partial summary judgment and Defendant's motion for summary judgment.

First, Plaintiffs argue that this Court erred in its finding that Plaintiffs' home was vacant at the time of the second fire. Dkt. No. 36, pg. 4 (Pg. ID 517). Plaintiffs contend that the term "vacant" as used in their insurance policy with Defendant is ambiguous and must be construed against its drafter, the Defendant. *Id.* This Court considered what meaning the term "vacant" should have in its consideration of the parties' summary judgment motions. Further, Plaintiffs could have advanced this argument earlier in its motion for partial summary judgment or Defendant's motion for summary judgment. Accordingly, this argument is not properly advanced in this Motion and does not constitute a palpable defect.

Second, Plaintiffs assert that this Court's analysis of equitable estoppel was flawed. Dkt. No. 36, pg. 5 (Pg. ID 518). Plaintiffs brought this argument in their motion for partial summary judgment pleadings. Dkt. No. 24, pgs. 6–7 (Pg. ID 184–85); Dkt. No. 31, pg. 2 (Pg. ID 472). Thus, this Court has previously considered this argument. Further, a different ruling on this issue would not result in a different disposition of the case, as this Court also held that Plaintiffs did not

substantially comply with the terms of the insurance contract. Therefore, this issue does not constitute a palpable defect.

Third, Plaintiffs contend that they should not be excluded from coverage for Niko and Samantha Durasevic's failure to submit to examinations under oath. Dkt. No. 36, pg. 6 (Pg. ID 519). Plaintiffs advanced this argument in their previous pleadings. Dkt. No. 28, pgs. 2–3 (Pg. ID 426–27); Dkt. No. 31, pgs. 2–3 (Pg. ID 472–73). Therefore, the Court has considered this argument and it is not properly brought in a motion for reconsideration.

Lastly, Plaintiffs argue that the issue of substantial compliance is a fact question for the jury in the context of this case. Dkt. No. 36, pg. 7 (Pg. ID 520). Plaintiffs asserted this argument in its response to Defendant's motion for summary judgment. Dkt. No. 28, pg. 3 (Pg. ID 427). The additional case law that Plaintiffs cite in the present Motion could have been presented in their earlier pleadings. Thus, this argument is not proper in the present Motion.

## IV. CONCLUSION

Plaintiffs' Motion for Reconsideration presents the same arguments that Plaintiffs advanced in their earlier motion for partial summary judgment and Defendant's motion for summary judgment. The Court has already considered

these arguments and ruled in favor of Defendant. Accordingly, for the reasons discussed herein, this Court will deny Plaintiffs' Motion.

    SO ORDERED.

Dated:    September 7, 2018

                                          s/Gershwin A. Drain
                                          HON. GERSHWIN A. DRAIN
                                          United States District Court Judge